UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EFREN TORRES, | ) 1:04cv6519 OWW DLB |
| | ) |
| | ) ORDER GRANTING PLAINTIFF'S MOTION |
| | ) FOR LEAVE TO AMEND AND |
| Plaintiff, | ) FOR REMAND |
| | ) |
| v. | ) (Document 20) |
| | ) |
| SKYTREK AVIATION FUEL, INC. | ) |
| dba SKYTREK AVIATION, et.al., | ) |
| | ) |
| | ) |
| Defendants. | ) |
| | ) |

Plaintiff Efren Torres ("Plaintiff") filed the instant motion for leave to amend the complaint and for remand to Stanislaus Superior Court on February 15, 2006. Defendants do not oppose the motion and the Court therefore determined the matter was appropriate for submission without oral argument pursuant to Local Rule 78-230(h).

**BACKGROUND**

Plaintiff initially filed this action in the Stanislaus Superior Court and on November 9, 2004, Defendants removed the case pursuant to 28 U.S.C. section 1441(a). The complaint alleges six claims against Defendants. The first three claims allege violations of the California Fair Employment and Housing Act, set forth in California Government Code §§ 12900 et.seq. The remaining three claims are based upon the alleged failure of Defendants to pay Plaintiff overtime, pursuant to both federal and state laws. The sole federal cause of action is the fifth claim, which arises under and is based upon an alleged violation of the Fair Labor Standards Act

of 1938, as amended, 29 U.S.C. § 201, et. seq.

## DISCUSSION

By way of the instant motion, Plaintiff seeks leave to amend the complaint by dismissing the sole federal cause of action and requests that the action be remanded to the Stanislaus County Superior Court.

Defendants filed their response on March 16, 2006, indicating that they do not contest Plaintiff's right to amend his complaint by dismissing the sole federal cause of action or his request to remand the action to state court. Accordingly, Plaintiff's motion to amend the complaint is GRANTED.

Having dismissed the sole federal cause of action, Plaintiff is left with a complaint that consists of solely state law claims. 28 U.S.C. section 1367(c)(3) allows the district court to decline supplemental jurisdiction if it has dismissed all claims over which it had original jurisdiction. Thus, given Plaintiff's request to remand and Defendants' non-opposition, Plaintiff's request to remand the action is GRANTED.

Insofar as Defendants question Plaintiff's suggestion that no further discovery will be necessary on remand, this Court is unable to control the course of discovery upon remand.

IT IS SO ORDERED.

Dated:   April 6, 2006            /s/ Dennis L. Beck
3b142a                            UNITED STATES MAGISTRATE JUDGE

2